IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DIANNE WRIGHT                                                                    PLAINTIFF

     v.                                         CIVIL NO. 19-4143

ANDREW M. SAUL, Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

     Plaintiff, Dianne Wright, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

     Plaintiff protectively filed her current application for DIB on November 17, 2016, alleging an inability to work since July 4, 2012,[1] due to prior back surgeries, carpal tunnel, right knee pain, anxiety, high blood pressure, kidney stones, a previous broken right wrist and arthritis.  (Tr. 50-51, 154). For DIB purposes, Plaintiff maintained insured status through December 31, 2017. (Tr. 12, 161).  An administrative video hearing was held on August 20, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 26-49).

---

[1] At the administrative hearing before the ALJ on August 20, 2018, Plaintiff, through her attorney, amended her alleged onset date to September 29, 2015. (Tr. 30, 32). In the written decision, the ALJ amended Plaintiff's alleged onset date to SepteMber 28, 2015. (Tr. 10, 13).

1

By written decision dated December 27, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: degenerative disc disease, cervical and lumbar spine; hypertension; renal calculi; mild degenerative joint disease, right shoulder; carpal tunnel syndrome; and gastroesophageal reflux disease (GERD). However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she cannot reach overhead with her right dominant upper extremity, but can reach frequently in any other direction; can use either extremity frequently to handle, finger, and feel; can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; and can use foot controls occasionally.

(Tr. 14). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as a plastic press molder, as actually and generally performed. (Tr. 18). The ALJ further found that through the date last insured Plaintiff could also perform work as a counter clerk, a clerical assistant, and a floor attendant. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 15, 2019. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 3). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 28th day of October 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE